UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:08CV-00195-JHM

TYE PRINCE                                                                                  PLAINTIFF

V.

KENTUCKY HIGH SCHOOL
ATHLETIC ASSOCIATION                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Tye Prince, to remand this action to the Ballard Circuit Court [DN 5]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion is **GRANTED**.

### BACKGROUND

On November 25, 2008, Plaintiff, Tye Prince, filed suit in Ballard Circuit Court against the Defendant, the Kentucky High School Athletics Association ("KHSAA"), appealing a Final Order of the KHSAA denying Prince's request for a waiver of ineligibility. Under the Final Order, Prince may not play interscholastic sports at Ballard Memorial High School for a period of one year. The complaint also alleges a claim based on the United States Constitution, stating that Plaintiff's "Due Process rights have been violated under both the United States and the Kentucky Constitution." (Complaint, ¶ 18.) Plaintiff also filed a Motion for Temporary Injunction on that same day. On December 3, 2008, the KHSAA filed a Notice of Removal to this Court. On December 5, 2008, Plaintiff tendered an amended complaint to the Ballard Circuit Court withdrawing his Due Process Claim under the United

States Constitution. (DN 5, Exhibit C.) On December 17, 2008, Plaintiff filed this motion to remand arguing that the Court lacks jurisdiction over this matter because there is no federal question remaining since Plaintiff filed his amended complaint.

## DISCUSSION

### A. Jurisdiction

The Court finds that it has subject matter jurisdiction over this matter and that removal of the complaint was proper. The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. See Harper v. AutoAlliance Intern, Inc., 392 F.3d 195, 210 (6th Cir. 2004); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 (6th Cir. 2000). In the present case, removal was proper pursuant to 28 U.S.C. § 1441(b) because on the face of the complaint at the time of removal, constitutional claims were alleged.

### B. Amended Complaint

Plaintiff has filed an amended complaint in the Ballard Circuit Court that eliminates his federal claim. While the amended complaint has been attached as an exhibit to Plaintiff's motion to remand, the amended complaint has not been formally filed as an amended complaint in this Court. The Court contemplated requiring Plaintiff to file in this Court the amended complaint filed in the Ballard Circuit Court. However, after considering Fed. R. Civ. P. 15(a) and in an attempt to avoid an unnecessary delay, the Court will construe Plaintiff's motion to remand as a motion to amend his complaint.

Fed. R. Civ. P. 15(a) provides that a "party may amend its pleading once as a matter

of course at any time before a responsive pleading is served . . . ." See also Ky. R. Civ. P. 15.01. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not qualify as a "responsive pleading" within the meaning of Fed. R. Civ. P. 15(a). Youn v. Track, 324 F.3d 409, 415 (6th Cir. 2003); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 420 (6th Cir. 2000). The KHSAA has filed only a motion to dismiss and, thus, no responsive pleading has been filed. Therefore, Plaintiff has the right, as a matter of course, to file an amended complaint and could still do so at this time. Plaintiff clearly indicated his intent to file an amended complaint in this matter eliminating his federal claim. Plaintiff tendered the amended complaint to this Court in the form of an exhibit. Given that Plaintiff has the right to amend his complaint and given that further delay could harm the Plaintiff, the Court will construe his motion to remand as a motion to amend his complaint and order the Clerk of the Court to docket Exhibit C to Plaintiff's motion to remand as Plaintiff's Amended Complaint.

**C. Remaining State Law Claims**

The Plaintiff's amended complaint does not contain any federal claim. "[I]f an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." Eastman v. Marine Mechanical Corp., 438 F.3d 544, 551 (6th Cir. 2006); Creque v. Shelby Family Medicine, P.S.C., 2008 WL 160641, *1 (E.D. Ky. January 15, 2008).

> "'A trial court must balance the interests . . . when deciding whether to resolve a pendent state claim on the merits.'" Id. (quoting Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir. 1991)) (quoting Province v. Cleveland Press Publishing Co., 787 F.2d 1047, 1055 (6th Cir. 1986)). "A district court should consider the interests of judicial economy and the

> avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." Landefeld, 994 F .2d at 1182 (quoting Aschinger, 934 F.2d at 1412). The court also may consider whether the plaintiff has used "manipulative tactics" to defeat removal and secure a state forum, such as "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Harper v. AutoAlliance Intern., Inc., 392 F.3d 195, 211 (6th Cir. 2004). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Novak v. MetroHealth Medical Center, 503 F.3d 572, 583 (6th Cir. 2007); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996); Creque, 2008 WL 160641, *2. See also Taylor v. First of America Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992).

Balancing the interests set forth in Harper, the Court declines to exercise jurisdiction over the remaining state law claims. While it is clear that the Plaintiff dismissed his federal-law claim from his complaint in an effort to litigate this action in state court, the other factors weigh heavily in favor of remand. This case remains in its very early stages in federal court. The court has not addressed the merits of this action. Additionally, the slight delay that would result in remanding this case to the state court would not prejudice the objecting party, the KHSAA. Finally, this matter is an administrative appeal of a KHSAA decision brought pursuant to KRS 13B.140 and is more appropriately decided by the state court. Thus, balancing these considerations, the Court will remand the state law claims to Ballard Circuit Court.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1.	The Clerk of the Court shall docket Exhibit C to the Plaintiff's Motion to Remand [DN 5] as Plaintiff's Amended Complaint.

2.	The motion by Plaintiff to remand this case to the Ballard Circuit Court [DN 5] is **GRANTED**.


cc: counsel of record
     Ballard Circuit Court